# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50800
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eugenio Hernandez Villa,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:99-CR-13-8

---

Before Stewart, Dennis, and Willett, *Circuit Judges.*

Per Curiam:[*]

Eugenio Hernandez Villa, federal prisoner # 01208-180, appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Hernandez Villa, who was sentenced to a mandatory term of life imprisonment on his drug conspiracy conviction, contends that the district court erred by failing to consider that, due to non-retroactive changes in the law brought about by the First Step Act, he would

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

not have been subject to a mandatory life sentence under the current sentencing scheme. He argues that the district court should have determined that this non-retroactive change in the law is an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A)(i). Hernandez Villa also argues that the district court erred by determining that U.S.S.G. § 1B1.13 constitutes an applicable policy statement for § 3582(c)(1)(A)(i) motions.

The above arguments are unavailing because the district court did not base its decision on § 1B1.13 or on a finding that there were no extraordinary and compelling circumstances but instead permissibly denied Hernandez Villa's request for a sentence reduction based solely upon its determination that the sentencing factors of 18 U.S.C. § 3553(a) did not warrant relief. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2000). In this regard, the district court took note of Hernandez Villa's role as a leader or organizer of his criminal offenses, his illegal presence in the United States and his parole status when he committed the offenses, his criminal history, and his disciplinary history in the Bureau of Prisons. We routinely affirm the denial of a compassionate release motion "where the district court's weighing of the [§]3553(a) factors can independently support its judgment." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

Hernandez Villa's contention that the district court erred by failing to consider his post-sentencing rehabilitation in evaluating the § 3553(a) factors is also unavailing. As the Supreme Court has determined, "the First Step Act [does not] require a district court to make a point-by-point rebuttal of the parties' arguments[;] [a]ll that is required is for a district court to demonstrate that it has considered the arguments before it." *Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022). Here, at the outset of its dispositive order, the district court stated that it had conducted a complete review of the motion on the merits. Because Hernandez Villa's

No. 22-50800

rehabilitation-based argument was before the district court, we will infer that the district court considered it and decided the motion for a sentence reduction in light of Hernandez Villa's contentions. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020).

The arguments raised by Hernandez-Villa do not establish that the district court based its decision on an error of law or a clearly erroneous assessment of the evidence when it determined that the § 3553(a) factors weighed against a compassionate release sentence reduction. *See Chambliss*, 948 F.3d at 693. His disagreement with how the district court balanced the § 3553(a) factors is insufficient to establish an abuse of discretion and "is not a sufficient ground for reversal." *Id.* at 694.

AFFIRMED.